IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAHIR ALI,<br><br>   Plaintiff,<br><br>v.<br><br>WINLAND FOODS, INC.,<br><br>   Defendant. | Civil Action No.<br>1:25-cv-00664-MHC-RDC |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Winland Foods, Inc. ("Defendant" or "Winland") responds to Plaintiff Tahir Ali's ("Plaintiff") Complaint as follows:

### COMPLAINT

The initial Paragraph of the Complaint is a statement of law under which Plaintiff purposes to bring this action. To the extent a response is required, Defendant admits only that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I"). Defendant specifically denies that it committed any unlawful or wrongful acts, including any act that would violate any federal law. Defendant further denies all remaining allegations contained in this Paragraph of the Complaint.

## ANSWER TO PLAINTIFF'S "JURISDICTION AND VENUE"

1. Paragraph 1 of the Complaint is a statement of the law under which Plaintiff invokes the jurisdiction of this Court and requires no response from Defendant. To the extent a response is required, Defendant does not contest that jurisdiction lies within this Court but denies that Defendant committed any unlawful acts as alleged in the Complaint or otherwise, whether within the jurisdiction of this Court or elsewhere. Defendant denies any and all remaining allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint is a statement of the law under which Plaintiff contends venue in this Court is proper and requires no response from Defendant. To the extent a response is required, Defendant does not contest that venue is proper within this Court but denies that Defendant committed any unlawful acts as alleged in the Complaint or otherwise, whether within the venue of this Court or elsewhere. Defendant denies any and all remaining allegations in Paragraph 2 of the Complaint.

## ANSWER TO PLAINTIFF'S "PARTIES"

3. Defendant admits that Plaintiff is more than 18 years of age and that, at certain times relevant to the allegations in the Complaint, he represented to Defendant that he resided in Fulton County, Georgia. Defendant denies any and all remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint that Defendant is an "employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h)" are statements of the law and require no response from Defendant. To the extent a response is required, Defendant does not contest it is an employer covered by Title VII but denies that it committed any unlawful acts as alleged in the Complaint or otherwise. Defendant denies any and all remaining allegations in Paragraph 5 of the Complaint.

### ANSWER TO PLAINTIFF'S "PROCEDURAL BACKGROUND"

6. The allegations in Paragraph 6 of the Complaint that Plaintiff "filed a Charge of Discrimination with the EEOC alleging violations of Title VII by Defendant" are statements of the law and require no response from Defendant. To the extent a response is required, Defendant admits that Plaintiff filed a charge with the EEOC on or about October 24, 2024 alleging Defendant discriminated against him because of his religion. but denies that it committed any unlawful acts as alleged in the Charge or otherwise. Defendant denies any and all remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint is a statement of the law and requires no response from Defendant. To the extent a response is required, Defendant admits that Plaintiff filed an EEOC charge on or about October 24, 2024 alleging religious discrimination and that the EEOC issued a Letter of Determination and Notice of Rights on November 14, 2024. Defendant denies any and all remaining allegations in Paragraph 8 of the Complaint.

## ANSWER TO PLAINTIFF'S "ALLEGATIONS OF FACT"

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant admits only that Plaintiff was escorted off the production floor on August 19, 2024 after he got into a verbal altercation with another employee. Defendant denies any and all remaining allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint is a legal conclusion under which Plaintiff contends Defendant "did not take reasonable action to prevent, correct, or stop Supervisors from harassing Plaintiff because of his religion" and requires no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint is a legal conclusion and requires no response from Defendant. To the extent a response is required, Defendant denies that Plaintiff was being harassed by his supervisor and thus denies the allegations in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint is a legal conclusion and requires no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint is a legal conclusion and requires no response from Defendant. To the extent a response is required, Defendant denies that Plaintiff's supervisor interfered with his prayers at work and therefore denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

## ANSWER TO PLAINTIFF'S "PRAYER FOR RELIEF"

The "Wherefore" clause following Paragraph 27 of the Complaint is a prayer for relief that requires no response from Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief identified in Plaintiff's "Wherefore" clause, including subparagraphs (A)–(H), or to any other relief of any nature whatsoever.

## GENERAL DENIAL

Any allegations contained in Plaintiff's Complaint that Defendant did not specifically admit are expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant states the following affirmative and additional defenses to the Complaint as follows but does not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defense asserted. Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

To the extent that Plaintiff's claims were not filed within the applicable statute of limitations, Plaintiff's claims are barred, in whole or in part.

## THIRD DEFENSE

Some or all of Plaintiff's clams may be barred because Plaintiff has failed to meet or satisfy the administrative prerequisites for bringing such claims.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's actions with regard to Plaintiff were at all times in compliance with Title VII and all other applicable laws, and were based on legitimate, non-discriminatory, and non-retaliatory business reasons.

## FIFTH DEFENSE

Some or all of Plaintiff's claims are barred because any accommodation sought by Plaintiff that was denied to him was not reasonable.

## SIXTH DEFENSE

Some or all of Plaintiff's claims are barred because any accommodation sought by Plaintiff that was denied to him would impose an undue hardship on Defendant.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred because no "but for" causal connection exists between any alleged protected activity engaged in by Plaintiff

and any action or inaction taken by Defendant.

## EIGHTH DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint are barred because no causal connection exists between any of Plaintiff's protected characteristics and any action or inaction taken by Defendant.

## NINTH DEFENSE

To the extent any employee or agent of Defendant acted contrary to Defendant's established policies or outside the scope of their employment with Defendant, Defendant is not liable for any alleged damage caused thereby. Defendant never authorized, ratified, or condoned any of the unlawful conduct which Plaintiff alleges in the Complaint.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel and/or waiver.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has acted in good faith and has committed no act or omission willfully or wantonly or with reckless indifference or intent to cause harm, injury, or other damage to the Plaintiff.

## TWELFTH DEFENSE

Plaintiff's claims for damages, if any, are barred, in whole or in part, to the

extent Plaintiff failed to reasonably mitigate his alleged damages.

## THIRTEENTH DEFENSE

Some or all of the remedies requested by Plaintiff may be barred by the doctrine of after-acquired evidence, to the extent such information is revealed during discovery.

## FOURTEENTH DEFENSE

Plaintiff's punitive damages claims are barred because Defendant did not engage in any conduct that would rise to the level required to sustain an award of punitive damages. Defendant did not act with malice, willfully or with reckless disregard to Plaintiff's rights.

## FIFTEENTH DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff's own conduct proximately caused his alleged injuries.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any unlawful treatment Plaintiff alleges he experienced. At all material times, Defendant had in place policies prohibiting discrimination and harassment; instructed employees to report any potential violation of said policies; and took prompt, effective action in response to any such complaint.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to report any alleged misconduct or wrongdoing to Defendant or otherwise unreasonably failed to take advantage of any preventive or corrective opportunities provided to him.

## EIGHTEENTH DEFENSE

To the extent that Plaintiff's claims are duplicative, Plaintiff is not entitled to double recovery for any alleged injury.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert such additional defenses upon discovery of facts or evidence rendering such defenses appropriate.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that:

(a) Judgment be entered in its favor and all claims asserted in this action be dismissed with prejudice;

(b) Judgment be entered against Plaintiff in favor of Defendant for all costs and attorneys' fees incurred by Defendant in defense of this action; and

(c) The Court grants Defendant such other relief as the Court may deem just and proper.

Dated: March 20th, 2025.

/s/ *Rachel P. Kaercher*
Rachel P. Kaercher
Georgia Bar No. 743007
rkaercher@littler.com
R. Benjamin McMichael
Georgia Bar No. 902654
bmcmichael@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326.1127
Telephone:    404.233.0330
Facsimile:    404.233.2361

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAHIR ALI,<br><br>        Plaintiff,<br><br>v.<br><br>WINLAND FOODS, INC.,<br><br>        Defendant. | Civil Action No.<br>1:25-cv-00664-MHC-RDC |

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 20th, 2025, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the following counsel of record:

> Muhammad H. Abdullah
> Abdullah Law, P.C.
> 1182 Grimes Bridge Road, Suite 300
> Roswell, GA  30075
> mhabdullah@abdullahlawgroup.com

*/s/ Rachel P. Kaercher*
Georgia Bar No. 743007