IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAHIR ALI,<br><br>            Plaintiff,<br><br>v.<br><br>WINLAND FOODS, INC.,<br><br>            Defendant. | Civil Action No.<br>1:25-cv-00664-MHC-RDC |

**JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN**

Pursuant to Local Rule 16.2, Plaintiff Tahir Ali ("Plaintiff") and Defendant Winland Foods, Inc. ("Defendant" or "Winland") submit their Joint Preliminary Planning Report and Discovery Plan, showing the Court as follows:

**1.   Description of Case:**

**(a)   Describe briefly the nature of this action.**

Plaintiff asserts claims of religious harassment, failure to accommodate, and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

**(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Summary: Plaintiff contends defendant subjected Ali to discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) when it failed address his complaints of religious harassment by supervisor, Artina White. After Plaintiff complained to Human Resources for Winland Foods,

Defendant allowed Artina White to continue to harass him and interrupt his regularly scheduled prayers.

<u>Defendant's Summary</u>: Defendant most recently hired Tahir Ali ("Plaintiff") as a pre-mix processor in or around July 2024. Upon information and belief, Plaintiff is a practicing Muslim and performs regularly scheduled prayers during work hours. Shortly after his hire, Plaintiff requested and was granted a religious accommodation so that he could participate in daily prayers. Defendant's Human Resources Department has not been able to locate and is not aware of any complaints of alleged religious harassment from Plaintiff. Plaintiff remains employed at the facility now owned by Lancaster Colony.

**(c)   The legal issues to be tried are as follows:**

1. Whether Defendant subjected Plaintiff to unlawful harassment on the basis of his religion in violation of Title VII;

2. Whether Defendant unlawfully failed to provide any requested reasonable religious accommodation to Plaintiff;

3. Whether any religious accommodation requested by Plaintiff and denied by Defendant posed an undue hardship on Defendant;

4. Whether Plaintiff engaged in statutorily protected expression under Title VII;

      5.      Whether Plaintiff's statutorily protected expression caused Defendant to take any materially adverse actions against Plaintiff;

      6.      What damages, if any, Plaintiff is entitled to;

      7.      Whether Plaintiff reasonably mitigated his damages;

**(d)** **The cases listed below (include both style and action number) are:**

**Pending Related Cases:** None

**Previously Adjudicated Related Cases:** None

**2.** **This case is complex because it possesses one (1) or more of the features listed below (please check):** N/A

    \_\_\_\_\_(1)    Unusually large number of parties

    \_\_\_\_\_(2)    Unusually large number of claims or defenses

    \_\_\_\_\_(3)    Factual issues are exceptionally complex

    \_\_\_\_\_(4)    Greater than normal volume of evidence

    \_\_\_\_\_(5)    Extended discovery period is needed

    \_\_\_\_\_(6)    Problems locating or preserving evidence

    \_\_\_\_\_(7)    Pending parallel investigations or action by government

    \_\_\_\_\_(8)    Multiple use of experts

    \_\_\_\_\_(9)    Need for discovery outside United States boundaries

    \_\_\_\_\_(10)    Existence of highly technical issues and proof

    \_\_\_\_\_(11)   Unusually complex discovery of electronically stored information

This case is not complex.

**3.    Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff**:

Muhammad H. Abdullah
mhabdullah@abdullahlawgroup.com
Abdullah Law, P.C.
1182 Grimes Bridge Road
Suite 300
Roswell, GA  30075

**Defendant**:

Rachel P. Kaercher
R. Benjamin McMichael
LITTLER MENDELSON, P.C.
3424 Peachtree Road, N.E.
Suite 1200
Atlanta, GA 30326

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_ Yes   \_\_X\_\_ No

If "yes", please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be

4

supported by authority.

5. **Parties to This Action:**

(a) **The following persons are necessary parties who have not been joined:** None

(b) **The following persons are improperly joined as parties:** None

(c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None

(d) **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6. **Amendments to The Pleadings: NONE**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

The parties do not anticipate any amendments to the pleadings at this time. However, the parties reserve the right to file such amendments as needed in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court,

and any Scheduling Order entered by the Court in this action.

**(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times for Motions: NONE**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)    <u>Motions to Compel</u>:** before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)    <u>Summary Judgment Motions</u>:** within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)    <u>Other Limited Motions</u>:** Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)    Motions Objecting to Expert Testimony**: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties agree that initial disclosures are appropriate in this matter and will exchange that information on or before April 21st, 2025.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery tract by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The parties anticipate the following discovery topics:

1. Defendant's policies and procedures relating to discrimination, harassment, and retaliation;

2. Defendant's policies and procedures relating to requests for religious accommodation;

3. Plaintiff's allegations regarding the alleged religious-based harassment he experienced at work, and Defendant's response to same;

4. Plaintiff's allegations regarding his requests for accommodation and Defendant's response to same;

5. Plaintiff's allegations regarding his alleged complaints of harassment and Defendant's response to same;

6. Plaintiff's alleged damages, if any;

7. Plaintiff's efforts to mitigate his alleged damages, if any.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

The parties initially do not anticipate that additional time will be needed to complete discovery. However, the parties reserve the right to move the Court for a discovery extension, if necessary, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. They will confer and attempt to agree as to any necessary extensions before moving the Court for the same.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)　What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties do not anticipate a need to change the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court.

**Is any party seeking discovery of electronically stored information?**

     X     Yes          No

**If "yes,"**

**(1)　The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Both parties intend to seek ESI in this matter, to the extent any electronic

9

communications (emails, text message, etc.) are responsive to discovery requests served in this matter. After discovery requests are served, the parties agree that they will meet and confer on the appropriate custodians, date ranges, and search terms to locate ESI responsive to the requests. Before production and review, the parties agree to use these parameters to narrow the resulting "hit count" to an amount that is reasonable and proportionate to the needs of the litigation. The parties agree to seek the Court's assistance if no such agreement can be reached.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

Generally, the parties agree to produce ESI in text non-searchable .pdf format. If a particular document would be more easily accessed in another format (e.g., native production of excel spreadsheets or native productions of .jpg files for clarity of pictures), or if additional metadata information is relevant for certain categories or types of documents, the parties agree to meet and confer to determine the most appropriate method of production for such documents.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling**

10

**conference in Paragraph 9 hereof.**

**12.     Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) or (c)?**

The parties anticipate that they will seek the entry of a confidentiality/ protective to protect confidential information from being used or disclosed to persons or entities not involved in this litigation.

**13.     Settlement Potential:**

**(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 3, 2025 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

>   **For Plaintiff:**          */s/ Muhammad Abdullah*
>
>   **For Defendant:**       */s/ Rachel P. Kaercher*
>
>   **Other participants:**   */s/ R. Benjamin McMichael*     (additional counsel for Defendant)

**(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

>   **( X ) A possibility of settlement before discovery.**
>
>   **( X ) A possibility of settlement after discovery.**

11

(__)   **A possibility of settlement, but a conference with the judge is needed.**

(__)   **No possibility of settlement.**

(c)   **Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined by the parties.**

(d)   **The following specific problems have created a hindrance to settlement of this case.**

None at this time.

14.   **Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)   **The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.**

(b)   **The parties (__) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to clerk of court this _____ _____ day of _____ , of 2025.**

12

Respectfully submitted this 21st day of April, 2025.

| | |
|---|---|
| */s/ Muhammad Abdullah* | */s/ Rachel P. Kaercher* |
| Muhammad H. Abdullah | Rachel P. Kaercher |
| Bar No. 184945 | Bar No. 743007 |
| mhabdullah@abdullahlawgroup.com | rkaercher@littler.com |
| | R. Benjamin McMichael |
| Abdullah Law, P.C. | Bar No. 902654 |
| 1182 Grimes Bridge Road | bmcmichael@littler.com |
| Suite 300 | |
| Roswell, GA | LITTLER MENDELSON, P.C. |
| Telephone: 404.775.6693 | 3424 Peachtree Road N.E. |
| Facsimile:  678.915.1820 | Suite 1200 |
| | Atlanta, GA  30326 |
| *Attorney for Plaintiff* | Telephone:  404.233.0330 |
| | Facsimile:   404.233.2361 |
| | |
| | *Attorneys for Defendant* |

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Schedule form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified. The discovery period shall be six months.

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TAHIR ALI,

       Plaintiff,

v.

WINLAND FOODS, INC.,

       Defendant.

Civil Action No.
1:25-cv-00664-MHC-RDC

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of April, 2025, **JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN** was filed electronically through the ECF system, which will automatically generate notice to counsel of record for all other parties to the action as follows, and which is available for viewing and downloading from the ECF system:

Muhammad H. Abdullah
mhabdullah@abdullahlawgroup.com
Abdullah Law, P.C.
1182 Grimes Bridge Road, Suite 300
Roswell, GA  30075

                                */s/ Rachel P. Kaercher*
                                Rachel P. Kaercher
                                Georgia Bar No. 743007