IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAHIR ALI,

               Plaintiff,

v.

WINLAND FOODS, INC.,

               Defendant.

Civil Action No.
1:25-cv-00664-MHC-RDC

## CONSENT PROTECTIVE ORDER GOVERNING PROTECTION AND PRODUCTION OF CONFIDENTIAL INFORMATION, DOCUMENTS, AND MATERIALS

Plaintiff Tahir Ali ("Plaintiff") and Defendant Winland Foods, Inc. ("Defendant") (Plaintiff and Defendant, collectively, herein the "Parties" and each individually a "Party" as the context makes clear) believe that discovery in this case may involve the review of confidential information regarding Plaintiff, and/or confidential, proprietary, and/or sensitive business information regarding Defendant, as well as confidential documents and information related to customers of Defendant, current or former employees of Defendant, or other individuals who are not parties to this action. The parties agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a consent protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential

information.

To preclude discovery disputes and to protect against unauthorized dissemination and use of such information disclosed through discovery in this action, and for good cause shown, **IT IS HEREBY ORDERED THAT:**

1.

As used herein, the word "document" means:  (a) all papers, documents, and printed and written materials produced, furnished, or obtained by Plaintiff or Defendant during the course of this matter through discovery; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto which relate to, contain, or incorporate by reference any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the Court, and exhibits thereto, which relate to, contain, or incorporate by reference any such papers, documents, copies, extracts, or summaries; and (e) any materials which in the good faith judgment of counsel are privileged or work product materials.

2.

The producing Party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "**CONFIDENTIAL**" (hereinafter, "the Marking") on the document and on all copies in a manner that will not interfere with the legibility of

the document.  Applying the Marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the Marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the "**CONFIDENTIAL**" documents or information are not required to be marked.  By marking a designated document as confidential, the designating attorney or Party appearing pro se thereby certifies that the document contains "**CONFIDENTIAL**" documents and information as defined in this Order.

3.

The Parties also anticipate that Discovery in this Action may involve Protected Health Information ("PHI"), as that as that term is defined and used under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations.  With regard to PHI, the Court specifically finds and orders as follows:

a) Definitions:

    i.  "HIPAA" means the Health Insurance Portability and Accountability Act of 1996.

    ii.  "PHI" means protected health information (as that term is used

in the Health Insurance Portability and Accountability Act of 1996 and the Privacy Rule and as defined in 45 C.F.R. §§ 160 & 164). Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

    iii.   "Privacy Rule" means the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164.

b)  Terms and Limitations:

    i.   The Parties recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third parties, and non-parties to other parties, third parties, and non-parties, and their attorneys and representatives.

    ii.   The Parties agree not to use or disclose the PHI released for this lawsuit for any other purpose or in any other proceeding.

iii.    The Parties are permitted to use the PHI in any manner that is reasonably connected with this lawsuit. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

iv.    The Parties are directed to mark any documents containing any PHI as "**CONFIDENTIAL**" pursuant to the terms of this Order and to maintain the confidentiality of any PHI disclosed during the course of this litigation pursuant to the terms of this Order.

4.

All documents produced and information furnished by Plaintiff or Defendant which are in good faith designated as "**CONFIDENTIAL**" by the producing Party shall be treated as such by all persons to whom such documents are disclosed. "**CONFIDENTIAL**" documents shall be used only for the litigation of this action, preparation for trial in this case, trial, settlement of this action, and/or any appeals or any other related legal proceeding brought by or against one of the Parties to this litigation. Any documents designated in good faith as "**CONFIDENTIAL**"

pursuant to this Order may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth below.

5.

If any **"CONFIDENTIAL"** document is used during any deposition, the deposition or relevant portions thereof, (as designated by agreement of counsel) shall be treated as confidential in accordance with Paragraph 4, *supra*.

6.

Protected materials may not be filed in Court, whether separately or with or as part of pleadings or other court papers except under seal. Any Party filing with the Court documents designated as **"CONFIDENTIAL"** shall follow the applicable rules for having the documents in question designated as part of the record under seal, including the Court's Standing Order 04-02 as well as Section II(J) of Exhibit A in Appendix H to the Court's Local Civil Rules.  Any Party wishing to make such a filing must present a motion regarding the specific documents sought to be filed under seal to the Court for its approval.  (Approval of such a motion will be greatly expedited if it is presented with the consent of all Parties).  Upon approval by the Court, the protected materials shall be filed as described in the Court's Procedure for Electronic Filing Under Seal in Civil Cases.

7.

Documents designated as **"CONFIDENTIAL"** pursuant to the terms of this

Order may be disclosed only to the following persons:

a) To the Parties and their respective counsel, their associated attorneys, clerks, legal assistants, paralegal and clerical personnel, who have a need to review the documents or other materials to aid in the preparation of this case;

b) To the United States District Court for the Northern District of Georgia, Atlanta Division, and any court of competent appellate jurisdiction, as well as Court personnel, including stenographic reporters regularly employed by the Court;

c) To other stenographic court reporters and videographers engaged for depositions or other proceedings necessary to the conduct of this action;

d) Outside consultants and/or experts retained for the purpose of assisting counsel in this litigation; provided, however, that such individuals to whom materials are disclosed, made available, or communicated shall be informed of this Order and required to execute the certification contained in Attachment A, Acknowledgement and Agreement to be Bound;

e) Any potential, anticipated, or actual fact witness and his or her counsel, but only after such persons have completed the certification contained in Attachment A, and provided that such witnesses will not retain

copies of the "CONFIDENTIAL" documents; and

f) Vendors providing copy and/or other services, such as retrieval of electronic information, as hired by the Parties for the purpose of this litigation.

8.

If any Party believes that a document or other information designated as **"CONFIDENTIAL"** is not entitled to be treated as such, the Party will notify in writing the designating Party that it is challenging the **"CONFIDENTIAL"** designation.  Counsel for the Parties shall meet and confer in an attempt to reach an agreement regarding the status of the document or other information after the challenging Party has advised the producing Party of its disagreement with the designation.

If the matter is not resolved by the Parties themselves, the challenging Party may, at any time, thereafter, seek appropriate relief from the Court.

The Party that designated the document or other information as **"CONFIDENTIAL"** shall at all times have the burden of proof to demonstrate it is **"CONFIDENTIAL."**  The challenged document or other information shall remain **"CONFIDENTIAL"** and subject to this Order during the good faith conferral period and during any time period while the Court is considering the propriety of any designation.  During the good faith conferral period or the period while the Court is

considering the propriety of any designation, the document or other information designated as "**CONFIDENTIAL**" may be filed, so long as the confidential portions are redacted, thereby obviating any purported need to file exhibits to any court filing under seal while a disputed confidential designation is pending. Even if a document or other information is designated "**CONFIDENTIAL**" without dispute, it may be filed if properly redacted.

All challenges to confidentiality designations under this Order must be made no later than the end of the close of discovery or within ten (10) days of receipt of the document at issue, whichever occurs last.

9.

The inadvertent or unintentional disclosure of any "**CONFIDENTIAL**" information or document by the disclosing Party shall not be construed to be a waiver, in whole or in part, of that Party's claim of confidentiality, either as to the specific "**CONFIDENTIAL**" information or document disclosed or as to any other related information. If a Party produces multiple identical copies of a document (but with different Bates numbers) and one has not been designated as "**CONFIDENTIAL**," all identical copies shall be treated according to the designation. Any "**CONFIDENTIAL**" documents or information inadvertently produced and all copies and records thereof shall be treated as "**CONFIDENTIAL**" immediately upon request of the disclosing Party.

10.

Inadvertent failure to designate any document or material as **"CONFIDENTIAL"** will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fourteen (14) days after discovery of the inadvertent failure.

11.

The inadvertent or unintentional production of any privileged documents or other protected information, regardless of whether the documents or other materials were designated as **"CONFIDENTIAL"** at the time of production, shall be handled in accordance with this Order and the Federal Rules of Civil Procedure. Such inadvertent disclosure shall not be deemed a waiver or impairment, in whole or in part, of a claim of privilege or the provisions of this Order. Unless a dispute arises over whether a disclosed document is privileged, within five (5) days after receiving notice from the Party who produced the documents or other materials that any privileged documents or materials were inadvertently or unintentionally produced, counsel so notified shall immediately return the documents or other materials in question to the producing Party (along with all copies thereof) without further review of the information set forth therein. If a dispute arises over whether a disclosed document is privileged and the Parties are unable to resolve such dispute in good faith, the Parties will request a telephonic hearing, and may ultimately request

permission from the Court to submit the document for *in camera* review so that the Court may issue a ruling thereon.

12.

Any person in possession of another Party's "**CONFIDENTIAL**" documents or information shall take reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such "**CONFIDENTIAL**" documents or information, protect against any reasonably anticipated threats or hazards to the security of such "**CONFIDENTIAL**" documents or information, and protect against unauthorized access to or use of such "**CONFIDENTIAL**" documents or information.

If the Party receiving "**CONFIDENTIAL**" documents or information discovers a breach of security, including any actual or suspected unauthorized access, relating to another Party's "**CONFIDENTIAL**" documents or information, the receiving Party shall: (1) promptly provide written notice to the designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide the designating Party with assurances reasonably satisfactory to the designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the receiving Party shall

take all reasonable steps to give the designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The receiving Party agrees to cooperate with the designating Party or law enforcement in investigating any such security incident. In any event, the receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

13.

This Order shall not operate as a waiver by any Party to this litigation of any objection to producing or providing any documents, information, or other materials, nor shall it operate as a waiver by any Party of any objection to entry of any document or other material into evidence at trial or in any other proceedings in this litigation on grounds other than those addressed in this Order. This Order also does not constitute a waiver of any argument regarding the timeliness of objections or production of documents.

14.

The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

15.

Within 90 days after this litigation concludes by settlement, final judgment,

or final order, including all appeals, all documents designated as **"CONFIDENTIAL"**, must be returned to the Party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the document to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so. Nothing in this section requires a Party, its counsel, or consultants to delete discovery maintained for purposes of disaster recovery, business continuity, or other reasons, except that the Parties agree that all such **"CONFIDENTIAL"** documents and information will continue to be confidential under this Order.

16.

Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to **"CONFIDENTIAL"** documents or information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated

---

[1]The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party is not required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, Confidential Information contained in deposition transcripts, or Confidential Information contained in draft or final expert reports.

documents.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose **"CONFIDENTIAL"** documents or information.

17.

The provisions of this Order will not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

18.

If a receiving Party is served with a subpoena or a court order issued in other litigation or proceeding that would require disclosure of any information or items designated in this action as "**CONFIDENTIAL**," the receiving Party must notify the other Parties to this Agreement of that fact, in writing by email, immediately and, in no event, more than three (3) business days after receiving the subpoena or court order. Such notification must include a copy of the subpoena or court order. Nothing in this Order will prohibit a Party from complying with their obligation to lawfully respond to the subpoena or court order.

The receiving Party also must immediately inform in writing the Party who caused the subpoena or court order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or court order is the subject of this Order. The receiving Party must also deliver a copy of this Order promptly to

the Party in the other litigation or proceeding that caused the subpoena or court order to issue.

The purpose of imposing these duties is to afford the designating Party in this case an opportunity to try to protect its interests in the court from which the subpoena or court order is issued. The designating Party will bear the burden and the expense of seeking protection in that court of its "**CONFIDENTIAL**" documents or information. Nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful order from another court.

STIPULATED AND AGREED ON THIS 18TH DAY OF AUGUST, 2025, BY:

| /s/ Muhammad H. Abdullah | /s/ Dominique F. Saint-Fort |
|---|---|
| Muhammad H. Abdullah | Rachel P. Kaercher |
| Georgia Bar No. 184945 | Georgia Bar No. 743007 |
| mhabdullah@abdullahlawgroup.com | rkaercher@littler.com |
| | Dominique F. Saint-Fort |
| | Georgia Bar No. 526306 |
| | dsaintfort@littler.com |
| | R. Benjamin McMichael |
| | Georgia Bar No. 902654 |
| | bmcmichael@littler.com |
| ABDULLAH LAW, P.C. | |
| 1182 Grimes Bridge Road | LITTLER MENDELSON, P.C. |
| Suite 300 | 3424 Peachtree Road N.E. |
| Roswell, GA  30075 | Suite 1200 |
| Telephone: 404.775.6693 | Atlanta, GA 30326.1127 |
| | Telephone:    404.233.0330 |
| Attorney for Plaintiff | |
| | Attorneys for Defendant |

SO ORDERED this _____ day of _____, 2025.


_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE

**<u>ATTACHMENT A</u>**
**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *Tahir Ali v. Winland Foods, Inc.*, Civil Action No. 1:25-cv-00664-MHC-RDC, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Georgia in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated as **"CONFIDENTIAL"** in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such **"CONFIDENTIAL"** documents to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____