**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **TAHIR ALI,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO.
1:25-CV-664-MHC-RDC** |
| **WINLAND FOODS, INC.,** | **[Magistrate Judge Bly]** |
| **Defendant.** | |

**ORDER SCHEDULING MEDIATION**

This case has been referred to me for purposes of conducting a mediation. The parties must appear on, Monday, November 24, 2025 at 9:30 a.m., in Courtroom 2008, 20th Floor, United States Courthouse and Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303.

Prior to the formal mediation, the parties shall:

1. Submit a brief, informal, confidential, ex parte memorandum to me no later than **November 17, 2025**, by e-mail directly to christopher_c_bly@gand.uscourts.gov. The memoranda shall not be filed with the Clerk of Court. Also give notice to opposing counsel – without divulging the

contents of the submission—that you e-mailed the submission to the Court. The submission shall contain the following information:

a.    a concise, factual, non-argumentative recitation of the evidence that the party expects to produce at trial, together with the theory of recovery or defense;

b.    an honest introspective analysis of the strengths and weaknesses of the case;

c.    a discussion of the settlement negotiations to date (as further explained in paragraph 2 below); and

d.    an explanation of what, if any, impediments exist that inhibit settlement of the case.

A party may also electronically attach to the memorandum any deposition transcripts or documents that are helpful to understanding the party's position.

2.    Mediations are often unproductive unless the parties have exchanged demands and offers before the conference and have made a serious effort to settle the case on their own. Before arriving at the mediation, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. To that end, prior to the mediation Plaintiff(s) shall deliver to Defendant(s) a written itemization of damages and a settlement demand, and Defendant(s) shall respond to the demand made by Plaintiff(s) with a written counteroffer. If time allows prior to the settlement conference, specific written counter-proposals shall

2

be exchanged. The parties shall not copy the Court on these demands/offers/counter-proposals at the time they are made but must describe the pre-conference negotiations in their settlement memoranda. **PLEASE NOTE:** The exchange of demands and offers shall be made even if the parties have recently attempted to settle the case on their own or have already exchanged offers and demands. Counsel shall advise their clients that they must be prepared to engage in further negotiation at the mediation.

3.  I will speak separately with counsel for each side by telephone prior to the mediation. It is each party's responsibility to call chambers at the designated time at 404-215-1330. The Court will contact counsel at a later date to schedule the times for the calls.

4.  At the mediation, my general practice is to begin with a very brief session with all of the counsel and parties. There is no need for anything akin to an opening statement or factual presentation. After the opening session, the parties will proceed to separate rooms, and I will have a series of individual conferences. Counsel should be prepared to discuss the strengths and weaknesses of the case, prior settlement discussions, and offers they are willing to make to resolve the case without the uncertainty and expense of further litigation.

5.  Every party must have present at the mediation a representative with full authority to negotiate, approve, and enter into a binding agreement. For a private uninsured party, that means a person with sufficient authority to settle the case in the amount of the opposing party's last offer or demand. An insured party, in addition to having present a representative with full authority to negotiate, approve, and enter into a binding agreement, also shall appear by a representative of the insurer who is authorized to enter into a binding agreement up to the amount of the opposing party's last offer or demand. An uninsured government party shall appear by a representative authorized to enter into a binding agreement subject to approval by the relevant governing authority. The Court expects to be advised well in advance of the mediation if the attendance of any required person presents an undue burden.

6.  The sole purpose of the mediation is to facilitate settlement of this case. To that end, it will be conducted in such a manner so as not to prejudice any party in the event settlement is not reached. All matters communicated to me in confidence will be kept confidential and will not be disclosed to any other party, or to the presiding judge(s).

7.  Unless a lawyer has a "blue card" from the U.S. Marshal allowing that lawyer to bring his or her electronic devices into the courthouse, no person may

4

bring any electronic devices (such as cellular telephones, tablets, or computers) into the building unless an order of the Court has been entered. Any request for such an order shall be attached to the confidential settlement memoranda, identifying the person(s) and the device(s) that are necessary at the conference to facilitate the mediation.

    **IT IS SO ORDERED,** this 27th day of October, 2025.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE